**MRS. HATTIE LOUISE McDUFFIE, also known as MRS. H. F. McDUFFIE, v. H. F. McDUFFIE.**

19 So. (2nd) 511                                         June Term, 1944
October 30, 1944                                          Division A

*David J. Lewis,* for petitioner.

*Crawford & May,* for respondent.

TERRELL, J.:

In October, 1937, H. F. McDuffie, the respondent, at that time a citizen of the State of Georgia, filed a bill for divorce against his wife, Mrs. H. F. McDuffie, the petitioner, in the Superior Court of Fulton County, Georgia. In January, 1938, respondent and petitioner entered into an agreement for the support of petitioner and their four minor children. The said agreement was under seal and provided for the payment of $275.00 per month on January 15, 1938, and for each month thereafter for a specified period, then $285.00 per month for a specified period, and thereafter $200.00 per month until the death or remarriage of the petitioner.

The agreement further provided that in the event of death or remarriage of petitioner, the sum of $75.00 per month would be paid for the support of each of the minor children until they reached the age of twenty-one. Additional sums were also agreed to be paid for a diamond ring which respondent secured from petitioner and had not returned. The said sums were in full settlement of temporary and permanent alimony and attorneys' fees. It was also provided that the custody of the children should remain in the petitioner. The said agreement was made the judgment of the court by order dated January 13, 1938.

In February, 1944, petitioner filed her bill of complaint in the Circuit Court of Duval County, Florida, alleging the marriage of petitioner and respondent in Georgia, that there was born to them four children, all of whom were of age except the youngest born June 11, 1924, the institution of the divorce suit in Fulton County, Georgia, the execution of the support agreement and that the final decree of divorce was entered September 29, 1939, wherein the support agreement was made the permanent order of the Superior Court of Fulton County, all of which was made a part of the bill of complaint and marked Exhibit A. The bill also alleges the amounts paid on the agreement up to March 1, 1944, the amounts remaining unpaid and attached an itemized statement thereof marked Exhibit B.

The bill then alleges that petitioner has never remarried and has no income for the support of herself and minor

daughter except moneys sent her by her three sons who are of age and in the armed service, that respondent has lately moved to Jacksonville, Florida, and has accepted a position as physician for the St. Johns Shipbuilding Corporation and she is advised that he is being paid a large salary, that he has paid her nothing on the said contract since December, 1943, and that the largest payment he has made since coming to Jacksonville was $79.00. It is finally alleged that so long as respondent resided in Georgia, she was in position to enforce payment on the contract but that since coming to Florida, he had no property or assets in Georgia that she could enforce a judgment against. The bill prays that this Court take jurisdiction of the cause and adjudicate the amount due the plaintiff and require defendant to pay her such amounts as may be found to be due her under the agreement and make available to her all other equitable remedies.

In his answer to the bill of complaint respondent admits the execution of the contract and that it became a part of the divorce decree of the Superior Court of Fulton County, Georgia. He says however, that the effect of the decree should be construed by the courts of Georgia. He also contends that the amounts stated in the decree are now beyond his ability to pay and are not required by petitioner, that three of the sons were of age and were contributing to her, that petitioner and her children acted in such a way that he was forced to leave Georgia and remove to Florida and that his income in Florida was not such as enabled him to contribute to his former wife as required in the contract.

The chancellor refused to entertain the cause in equity but transferred it to the law side of the docket for litigation and adjudication. We are here confronted with an appeal by certiorari from that decree.

Several questions are argued but the real question presented is whether or not under the full faith and credit clause (Section One, Article IV) of the Federal Constitution, a court of equity in Florida should entertain jurisdiction of a cause of action based on the judgment of the Superior Court of Fulton County, Georgia, in favor of petitioner, for alimony

and support of her minor children against her former husband, who has become a citizen of Florida.

It is admitted that there is a diversity of opinion in this country on the question of whether a former wife can maintain a suit in equity in a state based on a foreign decree for alimony and support of her minor children and have same made a decree of the courts of the former. The question is exhaustively annotated in Shibley v. Shibley, 181 Wash. 166, 42 Pac. (2nd) 446, 97 A.L.R. 1197, to 1205, cases on both sides being cited.

The case of Fanchier v. Gammill, 148 Miss. 723, 114 So. 813, appears to be the leading case in the country treating the question. the Supreme Court of Mississippi reviewed the cases holding both ways and then concluded by holding that a decree for alimony entered by a foreign court may be established and enforced by the equity courts of the State of Mississippi and that the said courts may assume jurisdiction of the alimony decree for the purpose of establishing and enforcing it in Mississippi.

The theory on which the Supreme Court of Mississippi adopted this view was that a judgment for alimony rests largely on public policy in that the husband should be required to support his wife and children, that they not become derelicts and a charge on the public, that a judgment in equity is more efficacious than a judgment at law in that it may be enforced by attachment or contempt, that a court of equity has sole jurisdiction in matters of divorce and alimony and that to hold that a foreign judgment for alimony can be enforced only by execution at law would amount to depriving it of its inherent power of enforcement by attachment and contempt. On account of the difference in character between a judgment for money or property and that for alimony the one for alimony is entitled to a more effective means of enforcement. If the special power of enforcement of a decree for alimony is not observed and enforced in the most efficacious manner, then the husband for all practical purposes becomes immune from a decree for alimony.

The factual background of the case at bar is not materi-

ally different from the Mississippi case of Fanchier v. Gammill. The marriage of the parties, the contract, the divorce, and every other material element of the transaction are admitted. True, there is some controversy as to ability of defendant to pay at the present as compared to his ability at the time the contract was executed. It is also true that three of the minor children have reached their majority but these and other considerations that affect the situation may be taken into consideration by the chancellor and such allowance made as he may deem proper. The fact that the children have contributed to the mother's support in no sense relieves the father of this responsibility.

In fine, every element of a right of action by the appellant against the defendant is admitted. Section Four of the Declaration of Rights contemplates that when this is the case, the courts of the State shall be open for remedy without sale, denial, or delay. Not only this but when such a showing is made, the policy of both the adjective and the remedial law should be to take hold of and encourage the dispatch of such causes rather than to delay or defeat them.

On thorough review of the cases touching both sides of the question, we are convinced that the doctrine of Fanchier v. Gammill, accords with justice and fair play and should be the rule in this State. It is therefore approved.

The petition for certiorari is therefore granted and the judgment appealed from quashed with directions to transfer the cause to the equity side of the docket and proceed accordingly.

It is so ordered.

BUFORD, C. J., CHAPMAN and ADAMS, JJ., concur.