WIGGINTON, Judge.
Appellant has appealed from a summary final decree entered in chancery awarding appellee, appellant’s former wife, the sum of $6,150, together with attorney’s fees in the sum of $500. The decree was based upon a judgment in like amount rendered by the Supreme Court of the State of New York for arrearages in the payment of alimony for appellee and support money for the child born of the marriage between the parties.
By her complaint appellee alleged the procurement of a judgment against appellant in the New York court for arrearages in the payment of support for herself and the child as required by a judgment of ju *387 dicial separation previously rendered by that court. The complaint further alleged that defendant had failed and refused to pay the sums due and owing under the mentioned judgment; that plaintiff had been unable to obtain execution against the goods and chattels of defendant in the State of New York; and that she was without adequate remedy at law and would be unable to enforce judgment entered in accordance with the prayer of her complaint without the aid of equity. Plaintiff therefore prayed for judgment in the amount set forth in the judgment obtained by her in the State of New York, plus interest, cost and attorney’s fees.
Proof in affidavit form was submitted by plaintiff in support of her motion for summary decree which proofs adequately sustained the allegations of the complaint.
In the summary final decree from which this appeal is taken the chancellor treated the suit under consideration as one brought to enforce the New York judgment representing arrearages due for alimony and support for plaintiff and her child, and discerning no genuine issue as to any material fact decreed plaintiff to be entitled to the equitable remedies sought as a matter of law.
Appellant contends that the court was without jurisdiction to enter a money judgment against him for the reason that the suit brought by appellee in the Chancery Court of Duval County was one for debt cognizable only in a common law action. With this contention we cannot agree.
It has been repeatedly held that equity courts of this state are open to nonresident wives for enforcement by equitable processes of final decrees for alimony and support, or for the enforcement of judgments representing past due and unpaid alimony and support awarded by courts of our sister states. Under the doctrine of comity this remedy is in addition to the remedy afforded by common law to secure a money judgment based upon the judgment of a sister state.[1]
The theory on which the foregoing principle of law is predicated is that a judgment for alimony rests largely on public policy in that the husband should be required to support his wife and children; that they not become derelicts and a charge on the public; that a judgment in equity is more efficacious than a judgment at law in that it may be enforced by attachment or contempt; that a court of equity has sole jurisdiction in matters of divorce and alimony and that to hold a foreign judgment for alimony enforceable only by execution at law would amount to depriving equity of its inherent power of enforcement by attachment and contempt.[2]
Considering the allegations of the complaint and the proofs submitted in support of the motion for summary decree, coupled with the well-established principles of law set forth above and applied by the chancellor, it would be a strained and narrow construction indeed to hold that this was a suit for debt cognizable only at common law rather than one to procure and enforce by equitable processes a decree for accrued alimony and support for the former wife of defendant.
Appellant further questions that portion of the decree awarding to the wife fees for the services of her attorney. Since this proceeding was one for the enforcement of a judgment for support and alimony, the allowance of attorney’s fees is authorized by F.S.Section 65.16, F.S.A., and may be awarded in the discretion of the chancellor.[3]
*388 We have considered the other errors assigned but find them to be without substantial merit. The decree appealed from is accordingly affirmed.
STURGIS, C. J., and SMITH, D. R., Associate Judge, concur.

. Haas v. Haas, Fla.1952, 59 So.2d 640; Kruvand v. Kruvand, Fla.1952, 59 So.2d 857; Sackler v. Sackler, Fla.1950, 47 So.2d 292, 18 A.L.R.2d 856; McDuffie v. McDuffie, 1944, 155 Fla. 63, 19 So.2d 511.

. McDuffie v. McDuffie, supra.

. Sackler v. Sackler, supra.