CARROLL, Judge.
The appellant, Natalie W. Kramer, obtained a decree of divorce from the appellee, Harvey E. Kramer, on June 20, 1952, in the State of Texas. Incident to the divorce suit, the parties entered into a property settlement agreement which included provision for support of their minor children. The agreement, as drafted, provided for the defendant-husband to pay “$100 per month for the support of each of said children, for a total of $200 per month, until each child reaches the age of 16 years.” The husband objected to that provision and the parties signed a separate paper to replace it, which provided that $200 child support would be paid by the husband when earning $500 to $600 per month; that when not employed he need not pay child support; and that while employed, if making under $500 per month, he would pay such amount as he should determine he could afford. After making the settlement, the husband did not attend the final hearing.
The divorce decree incorporated the terms of the property settlement, and, as to child support, the decree followed the original wording of the settlement agreement and not the agreement as changed. Thus, the final decree ordered the husband to pay “the sum of $100 per month for each of said children, or a total amount of $200 per month for the support, education and maintenance of his minor daughters, and it is the order of the court that the said defendant contribute said amount until each child reaches the age of 16 years, or until further orders of this court.” However, the parties proceeded on the basis on which they had agreed, and for the next seven years the husband sent $100 per month to the wife for the support of both children and she accepted said amount without objection. The payments continued through May of 1959 at which time they stopped. A year and ten months later, in March of 1961, the wife-filed an action-at-law against the husband in Dade County, Florida, claiming $12,600 arrears from the date of the divorce decree-in 1952 to date of the suit in Florida based on the requirement for payment of $200 per month, and giving credit for the amounts which had been paid.
The husband answered setting up the agreement under which the wife had agreed to accept less depending upon the husband’s income and state of employment, and alleging his compliance on that basis in the interval without objection. The trial court denied the plaintiff’s motions to strike that defense and for summary judgment. After *588 trial before the court, judgment was entered which denied the plaintiff’s claim for arrears. Acting on the evidence before him, the trial judge, reciting in said judgment that he was transferring the cause to the equity side of the court, proceeded to enforce the divorce decree as to child support by equitable processes, by ordering currently maturing and future child support installments to be paid by the husband at $200 per month, and making that order retroactive for two months, to January of 1962.
On her appeal, the wife contends the trial court denied the Texas judgment the full faith and credit to which it was entitled; that the defense asserted by the defendant was not available to him; and that the plaintiff was entitled to proceed at law and could not be relegated to the equity side of the court. Those contentions are without merit, and we affirm the judgment appealed from.
The Texas judgment is entitled to full faith and credit. Boyer v. Andrews, 143 Fla. 462, 196 So. 825; Sistare v. Sistare, 218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905, 28 L.R.A.,N.S., 1068. In the Boyer case it was held that a judgment or decree of a sister state for alimony or child support payable in installments in the future is final as to installments which have accrued if they are not subject to modification, and is to be accorded full faith and credit. In the instant case, it was conceded that the installments for child support which were past due under the Texas divorce decree were not subject to modification under Texas law. Therefore, the appellant correctly designated the Texas judgment as final and entitled to full faith and credit, and the Florida court so treated it, but the question below was whether there were any amounts past due and unpaid thereunder. On the evidence, the trial court could, and no doubt did, conclude that the parties’ conduct subsequent to the entry of the decree was consistent with the agreement they had made for child support, and demonstrated their understanding that the husband was complying with and discharging his obligation. Thus, the court properly rejected the plaintiff’s motion to strike the husband’s defense and denied the claimed arrears.
The action of the trial court in transferring the cause to the equity side of the court for the purpose of adopting and enforcing the decree as to future payments of child support was an authorized procedure. That action of the court benefited the appellant and has not been objected to by the appellee-husband. McDuffie v. McDuffie, 155 Fla. 63, 19 So.2d 511; Sackler v. Sackler, Fla.1950, 47 So.2d 292, 18 A.L.R.2d 856; Haas v. Haas, Fla.1952, 59 So.2d 640.
Affirmed.