WHITE, JOSEPH S., Associate Judge.
This appeal, taken by the plaintiff in the lower court, brings for review a final decree in a suit in Chancery brought by defendant’s former wife to establish and enforce in Florida a decree of a court of the State of Illinois. The complaint in the lower court showed that the decree was rendered August 4, 1955; that it divorced the parties and awarded custody of two children, ages eleven and seven, to the former wife, with visiting privileges to the husband ; that it required the husband to pay to the wife $30.00 per week child support “until further order of the court”. The complaint charged that defendant “has failed and refused to pay in full to plaintiff the sums of money required under the provisions of the decree * * * and owes the plaintiff the sum of $9,060.00”. Plaintiff prayed that the Illinois decree be established and enforced “as if originally rendered by this court”;[1] that defendant be required to pay sums in arrears under that decree, plus interest, costs and attorneys’ fees,[2] “and that he be punished as for contempt for any failure so to do”. The complaint concluded with a prayer for general relief.
Defendant’s answer denied that he had failed to pay “in full” the sums due under the Illinois decree, “although defendant admits he has not paid a part of the sums set forth in said decree”; that after entry of the Illinois decree he “made periodic payments to the plaintiff for the support of” the children.
As an affirmative defense defendant stated that his former wife, with the intent to deprive him of his right to visit the children, had “concealed and declined to reveal or disclose the whereabouts of her children or *517 the defendant’s children to defendant * * * although defendant has desired and attempted to exercise his right of visitation since said decree”. He stated that he had made “numerous efforts to determine the whereabouts and welfare of said children without success; that defendant has not been able to see or correspond with said children, because of plaintiff’s concealment of their whereabouts, since the date of said decree”. See Denton v. Denton, Fla. App.1962, 147 So.2d 545.
As a further defense, defendant stated that he had remarried, had two additional children to support and had “incurred and paid and will in the future incur and pay extraordinary and extensive medical expenses for his present family”. He prayed that if the court required him to pay plaintiff any sums “the circumstances *' * * be taken into consideration in determining the manner and terms of such payment, and that provision be made to assure defendant the right of visitation, to see and correspond with said children and to know the circumstances of their welfare and whereabouts”. The answer concluded with the statement: “The complaint fails to state a cause of action”.
At this point plaintiff moved for a decree on the pleadings. The motion was granted and plaintiff’s counsel was directed “to prepare and upon notice to defendant, submit an appropriate final decree, together with evidence as to a reasonable attorneys’ fee”. At the same time the court denied defendant’s “motion to dismiss the complaint”, contained in the answer. After-wards the final decree from which the former wife has appealed, was rendered.[3] In due course plaintiff presented a petition for rehearing upon the grounds that:
“1. The Plaintiff and Defendant, through their attorneys, had agreed prior to the entry of said Decree that as of February 9, 1962, $9,250.00 had accrued pursuant to a divorce Decree entered by the Circuit Court of McLean County, Illinois, and which was established by this Court as a Florida Decree.
“2. The Court was advised by counsel for both Plaintiff and Defendant that the amount of $9,250.00 was unpaid and that such amount should be shown in the Decree as the sum due for ar-rearages accumulated between August 4, 1955, and February 9, 1962.
“3. The Court, despite the oral agreement between the parties of which the Court was fully advised, refused to enter the Decree as written and agreed to by the parties, and struck from said Decree all reference to the unpaid arrearages, i. e., $9,250.00.
“4. Plaintiff is entitled as a matter of law to have included in the Court’s Decree the amount of undisputed ar-rearage' which under the law of Illinois, had become vested at the time the Florida Decree was entered.”
In his order denying the petition for rehearing, the chancellor stated:
“ * * * the Court feeling that there has been no determination of a *518 fact question, namely, that of arrear-age, by either the Illinois Court that rendered the original decree or this Court which has issued a Florida decree based upon that Illinois decree. The Court feels that this is a fact question to be determined as is customary in Florida decrees upon an Order to Show Cause. That the question of whether or not an arrearage exists, and whether or not equitable defenses are available as to all or any portion of claimed arrearage is properly and customarily determined during a hearing on an Order to Show Cause and not in a Final Decree in which the Florida decree adopts a foreign decree.”
Upon the basis of the record as thus made, plaintiff contends in support of her appeal, that the chancellor erred in failing to determine the amount of arrearage due her under the Illinois decree, “particularly when the parties stipulate to the correctness of the amount claimed”. Much is said in the briefs filed in this Court regarding the stipulation in question. In fact, the appellee concedes that there was a stipulation “made in the presence of the trial court, which is the only tribunal which1 is aware of the exact nature of the stipulation and the circumstances under which the same was made”. However, the only reference to the stipulation found in the record brought here from the lower court is the statements made in plaintiff’s petition for rehearing. From appellant’s reply brief, it is indicated that the stipulation was made orally by counsel after entry of the order granting plaintiff’s motion for decree on the pleadings, and outside the presence of the lower court; that the chancellor was apprised of the stipulation upon presentation of the final decree, but that there was no compliance with Rule 1.5(d), Florida Rules of Civil Procedure, 30 F. S.A.[4]
If it be a fact, and we have no reason to 'doubt it, that the chancellor was apprised of the stipulation, he must have rejected it, as he had a right to do, because of the failure to comply with Rule 1.5(d). This conclusion follows from the chancellor’s statement in the order denying plaintiff’s petition for rehearing, that the question of arrearage was yet .to be determined.
Notwithstanding the admissions made by the parties in their briefs filed in this Court, it cannot be said that the chancellor was in error in rejecting a stipulation which did not comply with the rule. The onus is upon the appellant to show that error was committed in the lower court, and the question must be decided, not on what may be admitted in this Court, but what was before the chancellor when he ruled.
As previously stated, appellant contends that she was entitled to have the amount of arrearage determined by the chancellor in the final decree. Indeed she was, but it is difficult to understand how plaintiff expected to accomplish such a result by a motion for decree on the pleadings, in the face of denials in the answer, which put in issue the exact amount remaining unpaid on the Illinois decree. A motion for decree on the pleadings is provided for by Rule 1.11(c), F.R.C.P. The rule is taken from Federal Rule 12(c). The correct use of the rule is explained in 5 Cyc.Fed.Proc. pg. 202; 2 Moore’s Fed. Pr. (2nd Ed.) pg. 2268; Moore’s Manual, pg. 1241.
A motion by the plaintiff' for decree on the pleadings is equivalent to a de *519 murrer to the answer. In Chancery practice, as formerly recognized, there was no such thing as a demurrer to an answer. The same result was accomplished by setting the case down for final hearing on bill and answer. Present rules provide the motion for decree on the pleadings when the sufficiency of the answer is to be thus tested. It may not be used by the plaintiff where the answer raises issues which, if proved, will defeat recovery. It is appropriate only if all defenses are insufficient. Thus, it may not be used to test the legal sufficiency of merely some of the defenses. 5 Cyc.Fed. Proc., pg. 208. If a partial decree is desired, motion for summary decree is available. The rule permitting the use of motion for decree on the pleadings makes no provision for a partial decree, as was done in the instant case. The chancellor treated the motion for decree on the pleadings as a motion for partial summary decree. Such procedure is provided for by Federal Rule 12(c), but not by Florida Rule 1.11(c).
The stipulation which has been discussed was of no concern at that point in the lower court, since it was not made until after the ruling on the motion for decree on the pleadings.
The chancellor should have denied the motion for decree on the pleadings and proceeded to trial on the issues made by the complaint and answer. Depending, of course, on the chancellor’s findings from the evidence, the final decree should have
(1) established the Illinois decree as a decree of the Florida court;[5]
(2) fixed the amount in arrears, if any, under the Illinois decree, and fixed the method of enforcing payment thereof consistent with Rule 3.15;
(3) fixed the specific amount to be paid in the future, if any, and the terms and conditions of payment;
(4) disposed of questions of costs and attorneys’ fees, as found equitable under the circumstances; and
(5) retained jurisdiction to enforce that part of the decree which was executory, and to fix and regulate custody, support and visiting rights of the parties with the children.
There is no reason to leave these questions to proceedings to take place subsequent to the final decree, as was suggested in the order denying the petition for rehearing.
The provisions in the final decree :
“and that he (defendant) otherwise abide by and comply with the Illinois Decree hereby established as the Decree of this Court.”
is too general to be enforceable, and should be revised. Such a provision necessarily leaves to the defendant the duty to determine the details of compliance. When a mandatory order of this nature, which is subject to being enforced by contempt if disobeyed, is used by the court, the details of compliance should be spelled out, to the end that the defendant will know exactly what is expected of him. This should not be left to guesswork or speculation.
Appellee complains to this Court that the chancellor erred in denying his motion contained in the answer to dismiss the complaint because of failure to state a cause of action. The complaint is found to be deficient in some details, but it cannot be said that it is wholly devoid of equity. The present rule requires that “pleadings shall be construed 'so as to do *520 substantial justice”. Rule 1.8(g); Messana v. Maule Industries, Fla. 1951, 50 So. 2d 874; Shores v. Murphy, Fla.1956, 88 So.2d 294. The rules of pleading now in force are intended to expand judicial discretion in such matters of procedure. Accordingly, the denial of the motion to dismiss is found to he within the chancellor’s prerogative.
This cause is remanded to the lower court with directions to vacate the final decree, deny plaintiff’s motion for decree on the pleadings, and proceed as the chancellor may be advised consistent herewith.
Reversed with directions.
ALLEN, Acting C. J., and SMITH, J., concur.

. This procedure is well established in Florida. 10 Fla.Jur. Divorce, Separation and Annulment, Sec. 290, et seq.

. Concerning allowance of attorney fees, see Sackler v. Sackler, Fla.1950, 47 So. 2d 292, 18 A.L.R.2d 856; Miller v. Miller, Fla.App.1958, 105 So.2d 386.

. The final decree reads:
“Supplementing the order entered January 4, 1962,
“IT IS NOW ORDERED, ADJUDGED AND DECREED, that the Decree entered August 4, 1955, by the Circuit Court of McLean County, Illinois, entitled Albert C. Truax vs. Hildegard Truax, Chancery Cause No. 55-2790, a certified copy of which is attached to the Plaintiffs Complaint as Exhibit ‘A’, is hereby established as and declared to be a Florida Decree, to be enforced in the same manner and by the same remedies as if originally rendered by this Court.
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defendant forthwith pay the costs of this suit, that he pay to Bussey, Simmons & Owen the sum of $375.00 as attorney’s fees (which amount the Court adjudges to be reasonable) and that he otherwise abide by and comply with the Illinois Decree hereby established as the Decree of this Court.”

. Rule 1.5(d) provides:
“Stipulations. No private agreement or consent between parties or their attorneys in respect to the proceedings in a cause shall be of any force before the court, unless the evidence thereof shall be in writing, subscribed by the party or Ms attorney, against whom it is alleged; provided, however, that parole agreements may be made before the court, if promptly made a part of the record, or incorporated in the stenographic notes of the proceedings.”

. This was done in the final decree now before this Court, and no fault can be found with this action since the pleadings indicated that the Illinois decree was entitled to full faith and credit under the Constitution of the United States.