CARROLL, Judge.
The appellant Dwayne Cox seeks reversal of a decree of the circuit court of Dade County, entered on April 5, 1965, ordering him thereafter to pay child support.
The issue as to his parentage of the child was tried in an action between the parties in the Dominican Republic, resulting in an adjudication that Dwayne Cox was the father of the child and legally obligated for its support, with an order to pay child support in the amount of $40 per month. He appealed the judgment in that jurisdiction, and it was affirmed. On the proceeding filed on behalf of the mother subsequently in Dade County, Florida, where appellant then was residing, a decree was entered which recognized his status as parent of the child and obligation for child support under the foreign judgment, and ordered him to proceed with payment of such child support in the amount of $40 per month.
In so holding the chancellor was not in error. See McDuffie v. McDuffie, 155 Fla. 63, 19 So.2d 511 (following Fanchier v. Gammill, 148 Miss. 723, 114 So. 813);. Sackler v. Sackler, Fla.1950, 47 So.2d 292; Haas v. Haas, Fla.1952, 59 So.2d 640; Miller v. Miller, Fla.App. 1958, 105 So.2d 386. On authority of the cited cases it was eminently correct for the Florida court, on the basis of comity, to apply its equitable processes and remedies to enforce the foreign decree for child support by requiring the father of the child to make such-support payments in the future.
We have considered the several contentions on which the appellant seeks reversal of the order appealed from, and conclude no reversible error has been made to appear.
Affirmed.