(6 Misc. Rep. 459.)

### PEOPLE v. BOUCHARD.

(Supreme Court, Special Term, Albany County. January 22, 1894.) .

1. INJUNCTION—VIOLATION—UNCONSTITUTIONAL STATUTE.
   Disobedience of an injunction cannot be justified on the ground that the statute prohibiting the act enjoined is unconstitutional, as the order granting the injunction is not for that reason void, though it may be erroneous.

2. SAME—PUNISHMENT.
   Where it appears that defendant merely intended, by disobeying an injunction, to test a legal question, and that no willful contempt was intended, a moderate punishment will be imposed.

Proceeding in the name of the people of the state of New York to punish Nedard Bouchard for contempt of court for violating an injunction.

P. D. Niver, for the People.
J. R. Stevens, for defendant.

HERRICK, J. I think the plaintiff, upon this motion to punish the defendant for contempt and for violating an injunction, has failed to establish that the defendant has sold olemargarine or butterine "as butter the product of the dairy." It is not, however, denied by the defendant but that he has, since the service of the injunction upon him, sold oleomargarine or butterine; and it is charged by the plaintiff, and not denied by the defendant, that such oleomargarine or butterine is an "imitation or semblance of butter, the product of the dairy;" and he has therefore violated that portion of the injunction prohibiting him from "selling oleomargarine or butterine which is an imitation or semblance of butter, the product of the dairy." The defendant is therefore guilty of contempt, for "unless the order was void upon its face for lack of jurisdiction on the part of the judge [court] who granted it," it was the duty of the defendant to obey it. If there was any error in granting it, unless there was "an entire absence of judicial authority to act in the premises, it was the duty of the defendant to obey the injunction until it had been revoked by an order made in the action in which it was issued, either by motion or appeal or by some other method of direct review." People v. Van Buren, 136 N. Y. 252, 32 N. E. 775; Daly v. Amberg, 126 N. Y. 490-494, 27 N. E. 1038; Aldinger v. Pugh, 57 Hun, 181-189, 10 N. Y. Supp. 684.

I do not think it profitable to review the question raised by the defendant as to the constitutionality of that portion of section 26 of chapter 338 of the Laws of 1893 which prohibits the manufacture or sale of "any article or substance of human food in imitation or semblance of natural butter." If that portion of the act is unconstitutional, and the injunction order heretofore granted was in that particular erroneous, the remedy of the defendant was to move to vacate or modify the same, or appeal from the order granting it, and not undertake to test the question by disobeying the order of the court. Assuming the act in question to be unconstitutional, I do not think that would render the injunction void on its face. The court had jurisdiction of the person of the defendant and of the subject-matter of the action. It had jurisdiction to determine whether the act under which the plaintiff proceeds is a valid act. "Jurisdiction is the power to hear and determine the subject-matter in controversy between the parties to a suit; to adjudicate or exercise any judicial power over them. The question is whether, in the case before a court, their action is judicial or extrajudicial, with or without authority of law to render a judgment or decree upon the rights of the litigant parties. If the law confers the power to render a judgment or decree, then the court has jurisdiction. What shall be adjudged or decreed between the parties, and with which the right of the case, is judicial action by hearing and determining it." Fisher v. Hepburn, 48 N. Y. 41--52. The only question is, had the court power to pass upon the question? If it had, the order is not void upon its face, although the court may have come to a wrong determination. People v. Sturtevant, 9 N. Y. 263. Whether the law is constitutional or not is a judicial question to be determined by the court, and it could prohibit action by the defendant until it could investigate and finally determine. People v. Dwyer, 90 N. Y. 402--409.

Being satisfied, however, that the defendant simply intended thereby to test the legal question that he desires to raise, and that no willful contempt of the court was intended, the punishment for the violation of the injunction will be moderate. Let an order, therefore, be entered imposing a fine of $50 upon the defendant, with the direction that he stand committed to the county jail of Albany county until such fine be paid, not to exceed 30 days.