(No. 23051—

THE PURE MILK ASSOCIATION, Appellee, *vs.* JOSEPH WAGNER *et al.* Appellants.

*Opinion filed May 12, 1936.*

CZARNECKI, KANAK & GRABLOWSKI, for appellants.

MARTIN BURNS, and RUSSELL W. KEENEY, (DONALD KIRKPATRICK, and GORDON MOFFETT, of counsel,) for appellee.

Mr. JUSTICE HERRICK delivered the opinion of the court:

The plaintiff, the Pure Milk Association, appellee herein, filed its complaint in the circuit court of Kane county against William G. Allen, Orval Evans, Alex Davis and Harry Get-

zleman, appellants herein and hereinafter referred to as member defendants, Joseph Wagner, Sr., also an appellant here, Joseph Wagner, Jr., Frank Wagner and fifty other defendants, praying for an injunction restraining the defendants other than Joseph Wagner, Sr., and his agents, the other two Wagners, from selling milk to persons other than the plaintiff, in violation of contracts made and delivered between the plaintiff and such defendants, respectively, and praying as to the Wagners that they be enjoined from soliciting, persuading or permitting any of said defendants to breach his contract by purchasing, or by accepting or receiving, milk of any such defendants for sale or for auction, or for displaying for sale or transporting, and from soliciting, persuading or permitting the delivery of milk to Joseph Wagner, Sr., in violation of such contracts.

The complaint alleged that the plaintiff was an agricultural co-operative marketing association on a not-for-profit basis, organized by producers of milk and cream under the provisions of the Agricultural Co-operative act of this State; (Ill. State Bar Stat. 1935, chap. 32, pars. 455(1)-455(33), inclusive, pp. 955-961;) that in order to accomplish such corporate purpose approximately 18,000 producers of milk and cream in the State of Illinois and adjacent States became and are members of the association, and each had entered into a written membership agreement, identical in form, with the plaintiff and with each other. By the agreement each member covenanted that during the life thereof the member would deliver all milk and cream produced by him for market to such person and at such place as should be designated by the association, milk necessary for home consumption not included. The member constituted the association his sole and exclusive agent for the purpose of marketing co-operatively, through the association, such milk and cream, together with the milk and cream delivered by other members signing similar agreements, and the associa-

tion agreed to market these products in such manner as it deemed best for the advantage of the members. The complaint further alleged that the plaintiff had designated the places where and to whom delivery of the member defendants' milk should be made under the contracts; that, pursuant to the agreements made, the plaintiff has continuously marketed and disposed of milk produced for market by each of the member defendants, together with milk delivered by other members signing similar agreements, until prevented from so doing by the member defendants, all in full compliance with each and every of such agreements; that the plaintiff was now willing, able and ready to market the milk produced and delivered by each of the member defendants, and it would be now so marketing and selling such milk but for the failure of the member defendants to deliver such milk in accordance with their contracts; that the defendant Joseph Wagner, Sr., and his duly authorized agents, knowingly, wrongfully and unlawfully, in violation of the statute of the State of Illinois, solicited, persuaded, induced and permitted the member defendants to breach their agreements with the plaintiff, and by reason of such solicitation, inducements and requests the member defendants sold and delivered the milk so produced by them to Joseph Wagner, Sr., he not being a person authorized or designated by the plaintiff to buy, receive or accept such milk; that Joseph Wagner, Sr., was continuing to buy, receive and accept such products from said member defendants without authority and with knowledge of and contrary to the terms and conditions of the members' contracts and in direct violation of the Agricultural Cooperative act; that the member defendants now wrongfully refuse to deliver the milk so produced by them for market at the place of delivery designated by the plaintiff, pursuant to the terms of the agreement, and contrary to and in violation of their respective agreements, the by-laws of the plaintiff and in violation of the statute.

Under the terms of the agreement each of the member defendants agreed to conform to the rules and by-laws of the plaintiff. Subdivision (*b*) of section 2 of article 6 of the by-laws provides that in the event of any breach or threat of breach of the marketing agreement by a defendant member the association should be entitled to an injunction to prevent a breach thereof. The complaint alleged that if Joseph Wagner, Sr., is permitted to continue his wrongful and unlawful acts as heretofore set forth, the member defendants will continue to breach their respective agreements and thereby the plaintiff will suffer irreparable injury and damage, in that it will not be able to secure the amount of milk and cream which it was organized to handle and which it has agreed to deliver to various individuals and corporations; that the breach of the contract not only injures the plaintiff but those of its members who are faithful and loyal to the organization and who fulfill their contracts; that the plaintiff is responsible to various persons, individuals and corporations for the delivery of all milk and cream produced for market by its respective members; that if the member defendants are permitted to continue their wrongful and unlawful acts and to breach their contracts the plaintiff will be damaged, in that the *pro rata* cost of production, marketing and distributing of milk produced for market by members who are required to deliver their milk and cream in accordance with their agreements will be enormously increased to a degree which cannot now be determined; that the increased cost of marketing will occasion dissatisfaction among the association members, will encourage and cause other members to breach their agreements and to deliver milk and cream to buyers or distributors who refuse to co-operate with plaintiff in the stabilization of milk markets.

An answer was filed by the defendants, the cause was heard in open court and a decree rendered in substantial conformity with the prayer of the bill. An appeal was

prayed to this court but never perfected and was later dismissed. Subsequent to the entering of the decree, proceedings were instituted by petitions for contempt, charging the appellants herein with violating the terms of the injunction. On a hearing the court found them guilty. Joseph Wagner, Sr., was fined $150 and costs and the other defendants were each fined $25 and costs. From the order imposing the fines an appeal has been prosecuted directly to this court.

Violations of various constitutional provisions of the State and Federal constitutions are assigned and argued. The record does not show that any such constitutional questions were raised in the trial court at the time of the trial of the cause on the merits, resulting in the decree for violation of which the several defendants were adjudged to be in contempt. No constitutional issues can now be raised as a defense to the proceeding in contempt. The court was a court of general jurisdiction and had the authority to enter a decree for a permanent injunction.

The question as to whether the decree was correct or incorrect did not control the jurisdiction of the court to pronounce a particular decree, regardless of whether the decree was proper or improper. If it was the claim then that the decree was based on an unconstitutional law, that point should have been raised by a proceeding to review the original decree. The defendants were not justified in ignoring the decree, inasmuch as the court had jurisdiction of the parties to the proceeding and the subject matter of the proceeding in which the original decree making the injunction permanent was entered. *Franklin Union No. 4* v. *People,* 220 Ill. 355; *Flannery* v. *People,* 225 id. 62.

There being no constitutional question properly before this court for review, the cause is ordered transferred to the Appellate Court for the Second District.

*Cause transferred.*