EX PARTE: RAY F. KOONS

4 So. (2nd) 852

Division A

Opinion Filed December 9, 1941

*E. F. P. Brigham*, for Petitioner;

*John J. Lindsey* and *R. K. Bell,* for Respondent.

ADAMS, J.—This is an original proceeding in habeas corpus to review an order holding petitioner in contempt for failure to pay alimony to his former wife, and support for his children.

The order directed the incarceration of petitioner for failure to pay $100.00 until the further order of court.

It appeared that about thirty days previous, the court had determined petitioner's responsibility and ability to pay certain sums; that he was now in default in the amount of $100.00; that petitioner had petitioned for a modification order and his former wife had moved for a rule against him.

We first consider the legality of the order in question. The law is well settled in this State that an order in contempt must be definite and certain. State, ex rel. Trezevant v. McLeod, 126 Fla. 229, 170 So. 735; State, ex rel. Bearden v. Pearson, 132 Fla. 878, 182 So. 233.

The order should be so full and complete that no further direction should be required by the executive officer to fully execute the same and also release the

contemnor when the order is satisfied. The order is therefore ineffectual.

It would serve no useful purpose to remand petitioner for proper sentence. The evidence does not show a wilful refusal to pay. To the contrary, it is shown an inability to pay.

The petitioner is discharged.

BROWN, C. J., WHITFIELD and BUFORD, J. J., concur.