**R. W. AVERY v. DeWITT SINCLAIR, as Sheriff of Polk County, Florida.**

15 So. (2nd) 846                                    June Term, 1943
December 15, 1943                              Special Division A

*J. Lewis Hall,* and *Oxford & Oxford,* for petitioner.
No appearance for respondent.

SEBRING, J.:

Olivia Williams Avery procured a decree of divorce from R. W. Avery, her husband. The final decree required the husband to pay permanent alimony to the wife in stated sums at designated periods, in accordance with a certain property agreement entered into between the parties and approved and ratified by the court in the final decree. Subsequently, R. W. Avery becoming in arrears in his alimony payments, Oliva Williams Avery caused the issuance of a rule nisi directed to the defendant in the divorce proceedings requiring him to pay said arrearages or show cause for his failure so to do. In due course Avery filed his motion to quash the rule. Testimony was taken upon the pleadings. Upon the pleadings and testimony the trial court entered an order finding that R. W. Avery was indebted to Olivia Williams Avery in the sum of $502.50 back due alimony, together with the cost of the pro-

ceeding, and that execution do issue therefor. The order also contained the following provisions:

"It Is Further Ordered, Adjudged and Decreed by the Court that the defendant, R. W. Avery, be and he is hereby adjudged in contempt of Court, the Sheriff of Polk County, Florida is hereby ordered and commanded to take the defendant, R. W. Avery, into custody and imprison him, there to remain until the further order of the Court.

"It Is Further Ordered that the defendant, R. W. Avery, may purge himself of contempt of Court and secure his release from the custody of the Sheriff of Polk County, Florida, upon payment to the plaintiff or to the Sheriff for her use, the said sum of $517.85, together with all costs accruing in the enforcement of this Order."

Under this contempt order R. W. Avery was taken into custody by the sheriff of Polk County, Florida and lodged in the county jail of Polk County. He brings habeas corpus to test the legality of his restraint, contending that the order upon which he is imprisoned is unlawful and void, because it fails to specify a definite term of imprisonment.

The law is well settled in this State that where a contempt order is predicated on a finding of past noncompliance with a court order, and not on any present failure to comply therewith although able so to do, the order, being in its nature a punishment for what the contemnor has heretofore done, must specify a definite term of imprisonment. If the order condemns the offender to imprisonment for an indefinite and indeterminate period, or until he pays the past due alimony, or until the further order of the court, it is void for indefiniteness and uncertainty. See State ex rel. Trezevant v. McLeod, 126 Fla. 229, 170 So. 735; State ex rel. Bearden v. Pearson, 132 Fla. 878, 182 So. 233; Ex parte Koons, 148 Fla. 625, 4 So. (2nd) 852.

It is therefore ordered and adjudged that petitioner be discharged without prejudice to the circuit court to enter such other or further legal judgment as may be required and shall be in accordance with law.

It is so ordered.

BUFORD, C. J., BROWN and CHAPMAN, JJ., concur.