Proceeding by Ralph Satterfield opposed by Guelda B. Satterfield for interlocutory writ of certiorari to review a decree adjudging petitioner in contempt for failure to pay alimony.
Writ granted and petitioner discharged.
On December 10, 1945, the Circuit Court of Dade County, Florida, granted Guelda B. Satterfield a divorce from her husband, Ralph Satterfield, and awarded her the custody of their minor children, Ralph, Satterfield, Jr., and Michael Satterfield, with visiting privileges to the father. The decree required Ralph Satterfield to pay the sum of $35.00 per week as alimony, maintenance and support money to his wife and minor children. The weekly payments were to commence on March 1, 1946, and continue each week thereafter until the husband was found, after judicial ascertainment, "able to pay more".
Guelda B. Satterfield, on August 28, 1946, by petition represented to the court that her former husband had not complied with the terms of the decree of divorce by payment to her the weekly allowance of $35.00 since March 1, 1946; neither had he paid the sum of $815.00 out of the proceeds of a certain mortgage owned by him, and the former husband, at the time of petitioning the Court for a rule to show cause, was in arrears in alimony in the total sum of $1725.00. The petition prayed for an order committing Ralph Satterfield to jail for his willful and intentional disobedience of the terms of the final decree. A rule to show cause issued, testimony was taken and on September 16, 1946, the prayer of the petition was denied "without prejudice to the defendant (wife) to file such other *Page 73 
proceedings as she deems fit, or in the event of a change of circumstances of the plaintiff (husband)".
Guelda B. Satterfield on September 30, 1946, married a Mr. Thach and now resides in Birmingham, Alabama, where the husband is engaged in the florist business. They have a child born to the marriage and the sons, Ralph and Michael Satterfield, now reside with their mother in Birmingham. It appears by the record that Guelda B. Satterfield, at or about the time the divorce was entered, received from her husband, Ralph Satterfield, the sum of $8,000.00 in cash and a 1941 Cadillac automobile. The husband was ordered to pay to her the further sum of $815.00 when collected from a mortgage, representing the balance due on the business formerly owned by Satterfield. The exact amount left of the $8,000.00 in the possession of the wife is not reflected by the record, but she came to Florida from Birmingham and she left her three children with her second husband and a maid, which she testified that she "always kept."
On September 20, 1948, Guelda B. Thach, formerly Guelda B. Satterfield, signed a petition, which she swore to and stated that the contents thereof were "true to her own personal knowledge", and was executed in Jefferson County, Alabama. The petition was later filed in the Circuit Court of Dade County, Florida, and prayed for the issuance of a rule against Ralph Satterfield to show cause why he should not be held in contempt for his refusal to pay the several sums decreed as alimony, support and maintenance money. The rule issued and the Chancellor personally heard the testimony of Mrs. Guelda B. Thach and her former husband, Ralph Satterfield, as no other testimony was adduced.
The Chancellor, from the evidence, held that Ralph Satterfield willfully refused to comply with the terms of the final decree by payment to his wife of the several items enumerated therein, and had made no effort to pay any part thereof "although financially able to do so.". Pertinent parts of the decree are viz.:
"It is therefore considered, ordered and adjudged:
"1. That Ralph Satterfield is decreed as being indebted to Guelda B. Thach in the sum of $4,735.00, together with the cost of this proceeding assessed at $ for which let execution issue at law.
"2. That the said Ralph Satterfield be and he is hereby required to pay to Guelda B. Thach the sum of $815.00, when and as collected in the case of Ralph Satterfield v. Rose Saccaroma in the Civil Court of Record, Dade County, Florida, Case No. 35435.
"3. The plaintiff and cross-defendant, Ralph Satterfield, be and he is hereby adjudged in contempt of court for a willful failure to comply with the orders of this Court. The Sheriff of Dade County, Florida, is hereby ordered and commanded to take the plaintiff and cross-defendant, Ralph Satterfield into custody and imprison him in the County Jail, Dade County, Florida, for a period of thirty days and thereafter to discharge from the County Jail the said Ralph Satterfield.
"4. The plaintiff and cross-defendant, Ralph Satterfield, is ordered to continue to pay to Guelda B. Thach as maintenance and support for the two minor children of the parties the sum of $35.00 a week commencing October 5, 1948, and weekly thereafter until he is able to pay more on judicial ascertainment providing that this Court expressly retains jurisdiction of the parties in this cause for the purpose of awarding to the defendant and cross-plaintiff such additional sums for the maintenance and additional support for the minor children as the Court shall deem just and proper from time to time."
The record reflects that Ralph Satterfield applied to the Court below for a supersedeas of that part of the order or decree which adjudged him in contempt of court for his willful failure to pay the several items allowed the wife and two children as alimony, support and maintenance. The petitioner was taken into custody under the contempt order and committed to the common jail of Dade County, Florida. He applied to the court below for a supersedeas and the same was denied, but on review here the same was granted. On petition here for an interlocutory writ of *Page 74 
certiorari it is contended that the contempt order is invalid and void.
Section 38.23, F.S.A., defines contempt viz.: "A refusal to obey any legal order, mandate or decree, made or given by any judge either in term time or in vacation relative to any of the business of said court, after due notice thereof, shall be considered a contempt, and punished accordingly. But nothing said or written, or published, in vacation, to or of any judge, or of any decision made by a judge, shall in any case be construed to be a contempt". Our adjudications are uniform in holding that a court has the power to punish for contempt a refusal to obey any legal order, mandate or decree of a court, but the term of imprisonment must be definite and certain. Avery v. Sinclair,153 Fla. 767, 15 So.2d 846. The commitment period in the case at bar is thirty days.
Paragraph One of the challenged order decreed that Ralph Satterfield was indebted to Guelda B. Thach in the sum of $4,735.00 (for arrears in alimony, support and maintenance to September 28, 1948), with cost of the proceeding, "for which let execution at law issue." It is contended here that the court below was without power to enter (1) a common law judgment to be satisfied out of the property of the petitioners; and (2) simultaneously commit the petitioner to jail for a period of thirty days for his willful refusal to obey the order of the court by paying the amount adjudicated as alimony, etc., as the legal effect thereof would be to imprison the petitioner for debt, contrary to our fundamental law. The writer admits that the contention presents an interesting question, but an adjudication thereof is not necessary for a decision of this controversy.
The record discloses that Mrs. Guelda B. Thach (formerly Mrs. Satterfield), since her remarriage in September, 1946, has made her home with her husband in Birmingham, Alabama. She traveled by plane from Birmingham to Miami to attend the trial on September 28, 1948. Her testimony, as shown by the record, failed to establish "changed financial circumstances" of Ralph Satterfield since the date of the previous hearing held on September 16, 1946. If changed financial circumstances existed in 1948 so as to enable Satterfield to make alimony payments, the conclusion must rest exclusively in the testimony of Ralph Satterfield before the Chancellor on September 28, 1948, which covered his business activities from September 16, 1946, until September 28, 1948, as no other testimony was heard except written exhibits about the purchase of a sawmill operated by Satterfield since the early part of 1948.
It is not disputed that Satterfield was broke in September, 1946, and a relative supplied him transportation from Miami to Volusia County. The petitioner lived in the home of his brother, R.S. Satterfield. In November, 1947, the brothers bought a sawmill for $25,000.00 — no down payment — but agreed to pay thereon $500.00 per month. The brother, in March, 1948, assigned his interest in the sawmill and the petitioner had operated the same from March, 1948, until September, 1948, the time of the hearing below. From the operation of the sawmill the petitioner reserved a drawing account of $50.00 per week. It was necessary to rebuild and overhaul the sawmill engines and the cost thereof was paid by the petitioner. An unexpected operating cost of $1,400.00 was paid for by lumber from the mill; continuous expense incident to the repair of the equipment so as to keep the same in operating condition had to be foreseen and cared for. Price of lumber was a factor and risk which had to be paid before the petitioner had a dollar as his own.
The petitioner was unable to say whether he was losing money or making a profit in the operation of the sawmill, as he had only operated it for a period of ten months. The "rainy season" of the ten months' period hit him "hard" as they could not get logs from the woods and the mill was forced to close. In light of all the testimony, it is not clearly established that the petitioner willfully and intentionally refused to obey the order requiring payment of alimony, but on the other hand was making an honest effort to better his financial circumstances and expressed a *Page 75 
desire to contribute to the support of his two sons. The respondent, as shown by the record, received $8,000.00 and an automobile when the custody of the sons was awarded to her. The father has been deprived by the respondent of visitation privileges with his sons authorized by the decree by removing them to Birmingham, Alabama. She invoked the jurisdiction of the court below and obtained her former husband's commitment to jail knowing that she had not obeyed the terms of the decree. See Craig v. Craig, 157 Fla. 710, 26 So.2d 881.
The interlocutory writ of certiorari is hereby granted and Section Three of the challenged decree, supra, is quashed and the petitioner discharged.
ADAMS, C.J., and SEBRING and HOBSON, JJ., concur. *Page 210