143 So.2d 177

**Edward R. FIELDS et al.**

**v.**

**CITY OF FAIRFIELD.**

6 Div. 801, 802, 809.

Supreme Court of Alabama.

June 14, 1962.

Rehearing Denied July 12, 1962.

J. B. Stoner, Atlanta, for appellants.

J. Clewis Trucks and Frank B. Parsons, Fairfield, for appellee.

MERRILL, Justice.

Dr. Edward R. Fields and Robert Lyons were adjudged to be in contempt of circuit court because they had been found guilty of violating a temporary injunction issued by the court against them as individuals, and against the National States Rights Party, of which they were officers, enjoining them from conducting an advertised meeting in Fairfield. Field and Lyons were each fined $50 and sentenced to 5 days in jail.

Petitioners "appealed" their judgment of conviction to this court and later their attorney "discovered that writ of certiorari is the proper remedy in this case," and asked that the purported appeal be considered as a petition for writ of certiorari. We have complied with the request and so treat the cause now under review.

Petitioners were distributing handbills in the City of Fairfield, which read:

"WHITE WORKERS

"MEETING

" * NIGGERS ARE TAKING OVER UNIONS!

" * NIGGERS WANT OUR PARKS AND POOLS!

" * NIGGERS DEMAND MIXED SCHOOLS!

"Communists in NAACP and in WASHINGTON say

"Whites HAVE NO RIGHTS!

"The Nigger gets everything he DE-MANDS!

"White Supremacy CAN be saved!

"Whites CAN STOP this second Re-construction!

"Hear Important Speakers from 4 States

"Time — 8 P. M. Date — Wed. Oct. 11

"Place—5329 Valley Road

"In Downtown Fairfield, Alabama

"ABOVE THE CAR WASH

"THUNDERBOLT Mobile Unit Will Be Parked Out Front!

"Sponsored by National States Rights Party

"Box 783, Birmingham, Alabama

"PUBLIC INVITED

"Come And Bring Your Friends!"

The attorney for the city sought a temporary injunction to enjoin petitioners from holding the advertised meeting because they had not complied with an ordinance of the City Code which provided "It shall be unlawful for any person or persons to hold a public meeting in the city or police jurisdiction without first having obtained a permit from the mayor to do so." The judge issued the temporary injunction and a copy was served on Fields at Noon, Wednesday, August 11th. Lyons also had notice of the temporary injunction which enjoined them "from holding a public meeting at 8 P.M. on Wednesday, October 11, 1961, at 5329 Valley Road, Fairfield, Alabama, as announced, and from distributing further in the City of Fairfield,

handbills announcing such meeting such as were distributed in the City of Fairfield, Alabama, on October 10, 1961, until further orders from this Court; and this you will in no wise omit under penalty, etc."

Fields and Lyons were arrested that night where a crowd had gathered across the street from the advertised place of meeting. Fields was making announcements to the crowd and both he and Lyons were distributing copies of "The Thunderbolt," the newspaper of the Party.

■ The petitioners make two points in brief. They say first that the evidence shows they did not violate the terms of the injunction. There is evidence to support the finding that they did violate the terms of the temporary injunction, and we have held that upon petition for certiorari, the court does not review questions of fact but only questions of law; but if the court below misapplies the law to the facts as found by it or there. is no evidence to support the finding, a question of law is presented to be reviewed upon the petition for certiorari. Ex parte Wetzel, 243 Ala. 130, 8 So.2d 824.

■ We come now to the main point argued by petitioners—"that the temporary injunction was void ab initio on account of being contrary to and in violation of both the United States and Alabama Constitutions." This argument is based upon the premise that the ordinance of the City of Fairfield is unconstitutional. We cannot say that it is unconstitutional on its face.

In Ex parte National Ass'n for Adv. of Colored People, 265 Ala. 349, 91 So.2d 214, we said:

"On the petition for certiorari the sole and only reviewable order or decree is that which adjudges the petitioner to be in contempt. Certiorari cannot be made a substitute for an appeal or other method of review. Certiorari lies to review an order or judgment of contempt for the reason that there is no other method of review in such a case. Ex parte Dickens, 162 Ala. 272, 50 So. 218, 220. Review on certiorari is limited to those questions of law which go to the validity of the order or judgment of contempt, among which are the jurisdiction of the court, its authority to make the decree or order, violation of which resulted in the judgment of contempt. It is only where the court lacked jurisdiction of the proceeding, or where on the face of it the order disobeyed was void, or where procedural requirements with respect to citation for contempt and the like were not observed, or where the fact of contempt is not sustained, that the order or judgment will be quashed."

Here, the circuit court had jurisdiction of the parties and the subject matter. It had the authority to make the decree or order, and on its face, the order disobeyed was not void. It is not contended that any procedural requirements were omitted.

In the face of this, petitioners, without moving to dissolve the temporary injunction, seeking a hearing, or in any way contesting the writ, proceeded to meet a crowd gathered across the street from the advertised place of meeting and distributed inflammatory literature.

■ As a general rule, an unconstitutional statute is an absolute nullity and may not form the basis of any legal right or legal proceedings, yet until its unconstitutionality has been judicially declared in appropriate proceedings, no person charged with its observance under an order or decree may disregard or violate the order or the decree with immunity from a charge of contempt of court; and he may not raise the question of its unconstitutionality in collateral proceedings on appeal from a. judgment of conviction for contempt of the order or decree, or on application for habeas corpus for release from imprisonment for contempt. United States v. United Mine Workers of America, 330 U.S. 258,.

67 S.Ct. 677, 91 L.Ed. 884; Howat v. Kansas, 258 U.S. 181, 42 S.Ct. 277, 66 L.Ed. 550; People v. Bouchard, 6 Misc. 459, 27 N.Y.S. 201; McLeod v. Majors, 5th Cir., 102 F.2d 128; Pure Milk Ass'n v. Wagner, 363 Ill. 316, 2 N.E.2d 288.

 In the United Mine Workers case, supra, the court said:

"Proceeding further, we find impressive authority for the proposition that an order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings. This is true without regard even for the constitutionality of the Act under which the order is issued. In Howat v. Kansas, 1922, 258 U.S. 181, 189, 190, 42 S.Ct. 277, 280, 281, 66 L.Ed. 550, this Court said:

'An injunction duly issuing out of a court of general jurisdiction with equity powers, upon pleadings properly invoking its action, and served upon persons made parties therein and within the jurisdiction, must be obeyed by them, however erroneous the action of the court may be, even if the error be in the assumption of the validity of a seeming, but void law going to the merits of the case. It is for the court of first instance to determine the question of the validity of the law, and until its decision is reversed for error by orderly review, either by itself or by a higher court, its orders based on its decision are to be respected, and disobedience of them is contempt of its lawful authority, to be punished.'

"Violations of an order are punishable as criminal contempt even though the order is set aside on appeal, Worden v. Searls, 1887, 121 U.S. 14, 7 S.Ct. 814, 30 L.Ed. 853, or though the basic action has become moot, Gompers v. Buck's Stove & Range Co., 1911, 221 U.S. 418, 31 S.Ct. 492, 55 L.Ed. 797, 34 L.R.A.,N.S., 874.

"We insist upon the same duty of obedience where, as here, the subject matter of the suit, as well as the parties, was properly before the court; where the elements of federal jurisdiction were clearly shown; and where the authority of the court of first instance to issue an order ancillary to the main suit depended upon a statute, the scope and applicability of which were subject to substantial doubt. * * *"

Under these authorities, petitioners were guilty of contempt, as they chose to disregard the temporary injunction rather than contesting it by orderly and proper proceedings.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.