168 So.2d 554 (1964)
STATE of Florida ex rel. Marvin D. BYRD, Petitioner,
v.
Howard "Andy" ANDERSON, Sheriff, Walton County, Florida, Respondent.
No. F-465.
District Court of Appeal of Florida. First District.
November 17, 1964.
Adams & Palmer, Crestview, for petitioner.
Howard "Andy" Anderson, in pro. per.
PER CURIAM.
Since entering our opinion and judgment on September 17, 1964, in this original habeas corpus proceeding, this court has received a communication from a distinguished member of one of our sister district courts of appeal expressing his concern that our said opinion, by failing to mention the rule recognized in Demetree v. State ex rel. Marsh, 89 So.2d 498 (Fla. 1956) and Dykes v. Dykes, 104 So.2d 598 (Fla.App. 1958), (that the contemnor in a case of civil contempt "carries the key of his prison in his own pocket"), the bar and bench of this state might be confused with regard to this court's view of the applicability of the said rule. Now sharing the jurist's concern as to such confusion, and in the interest of the administration of justice, we withdraw and revise our opinion entered on September 17, 1964, by adding therein a discussion of the said rule, and in lieu of our said opinion enter the following as our revised opinion:
This is an original proceeding in habeas corpus in which the petitioner for the writ alleges that he is unlawfully held in custody under a contempt judgment and sentence entered by the Circuit Court for Walton County in an action for divorce. Upon the basis of the petition we issued a rule to show cause directed to the respondent, who duly filed his return, admitting the essential factual allegations of the petition, including the terms of the judgment and sentence under which he holds the petitioner in custody.
The question for our determination in this proceeding is the legality of the said sentence committing the petitioner to the *555 county jail "until such time" as he shall have paid certain past-due custody payments that had heretofore been ordered by the said court.
In the divorce suit that had been instituted by his wife in the said Circuit Court, the court entered orders requiring the petitioner to make payments for the support and maintenance of the parties' minor children. The petitioner failed to make certain of such payments, and the Circuit Court issued against him a rule to show cause why he should not be punished for contempt for his failure to comply with the said orders.
After the hearing on the rule to show cause the court entered the judgment in question, reciting that the petitioner, who was before the court, had shown no cause why he should not be punished for contempt and that he "has heretofore been adjudged in contempt for his failure to abide by the orders of this Court and punishment withheld" and that the petitioner was then in arrears in the sum of $407.10 on the said support payments. The court held the petitioner "in contempt of this Court" and further adjudged:
"That as punishment for his contempt the defendant is committed to the Sheriff of Walton County, Florida, to be held by him in the county jail of Walton County, Florida, until such time as the defendant has paid all support payments due and owing under the orders of this Court, together with the costs incident to the issuance of this rule and the hearing thereon, and shall have in addition thereto entered into a good and sufficient bond in the sum of $1000.00, payable to the plaintiff, to be approved by the Sheriff of Walton County, Florida, conditioned to pay to the plaintiff for the support and maintenance of the minor children of the parties hereto the sum of $15.00 each week as required by the orders of this Court."
In his verified petition for the writ of habeas corpus the petitioner alleges that he cannot raise the said sum of money and cannot make the said bond, so that his sentence amounts to a perpetual sentence or a life sentence, although he was not convicted of a capital crime.
Fortunately for the petitioner's position, the appellate courts of Florida have uniformly held that the term of imprisonment for contempt of court must be definite and certain. For instance, in Satterfield v. Satterfield, 39 So.2d 72 (Fla. 1949), a proceeding to review a decree in a divorce suit adjudging the husband in contempt for failing to pay alimony as required by the court, the Supreme Court of Florida said:
"Our adjudications are uniform in holding that a court has the power to punish for contempt a refusal to obey any legal order, mandate or decree of a court, but the term of imprisonment must be definite and certain."
The rationale for this rule was expressed by our Supreme Court in its earlier decision in the case of Avery v. Sinclair, 153 Fla. 767, 15 So.2d 846 (1943), as follows:
"The law is well settled in this state that where a contempt order is predicated on a finding of past noncompliance with a court order, and not on any present failure to comply therewith although able so to do, the order, being in its nature a punishment for what the contemnor has heretofore done, must specify a definite term of imprisonment. If the order condemns the offender to imprisonment for an indefinite and indeterminate period, or until he pays the past due alimony, or until the further order of the court, it is void for indefiniteness and uncertainty. See State ex rel. Trezevant v. McLeod, 126 Fla. 229, 170 So. 735; State ex rel. Bearden v. Pearson, 132 Fla. 878, 182 So. 233; Ex parte Koons, 148 Fla. 625, 4 So.2d 852."
The contempt judgment and sentence before us is deficient in another respect *556  in failing to recognize and carry into effect the rule established in Florida that in a case of civil contempt the contemnor "carries the key of his prison in his own pocket."
The leading case in this state recognizing the last-mentioned rule is the decision of the Supreme Court of Florida in Demetree v. State ex rel. Marsh, 89 So.2d 498 (1956). In that case the Supreme Court carefully delineated the distinction between civil and criminal contempt as to the punishment that may be administered upon a determination of guilt, and said:
"In its broadest aspects a civil contempt order is sought by a party to the cause and entered by the court for the private benefit of the offended party. While imprisonment may be adjudged in a civil contempt proceeding, it is coercive rather than punitive in nature. Customarily when imprisonment is ordered for a civil contempt its continuance is made contingent upon compliance with the order of the court and when the contemnor has so complied he is released from prison. The sentence is usually therefore indefinite and not for a fixed term. It is for this reason that in civil contempt it has been said that the contemnor `"carries the key of his prison in his own pocket."' In re Nevitt, 8 Cir., 117 F. 448, 451, 461, 54 C.C.A. 622. He can end the sentence and discharge himself at any moment by doing what he had previously refused to do.
"In a civil contempt proceeding an offended party to the cause is primarily seeking relief, personal and private to himself, as distinguished from punishment for conduct offensive to the public or disrespectful to the court and its authority. On the other hand, a contempt proceeding criminal in nature is instituted solely and simply to vindicate the authority of the court or otherwise punish for conduct offensive to the public in violation of an order of the court. Customarily when imprisonment is ordered it is generally for a fixed term and is administered as punishment for an act committed rather than as coercion to compel the contemnor to do something which he has theretofore failed and refused to do."
In the quoted decision, however, the Supreme Court held that the case before it was one of criminal contempt and hence the principles applicable to such a proceeding should be applied in that case.
Later, in Dykes v. Dykes, 104 So.2d 598 (1958), the District Court of Appeal, Third District of Florida, applied the rule recognized in the Demetree case, supra, to contempt proceedings in a divorce suit against the husband for failing to comply with a court order requiring him to pay $30 a week for the support of the parties' three minor children. The appeal was from an order directing that the divorced husband be confined for a stated period for his violation of the order for payment of child support. The third point raised in that case by the appellant was that the order appealed from "improperly failed to make provision by which appellant could purge himself of the contempt." With reference to that point the Third District Court of Appeal said:
"On appellant's third point we hold that the decree appealed from should be modified to include a finding of the amount by which appellant was in default for child support at the date of such order, and to provide that he may purge himself and be released upon paying or causing said sum to be paid. Sanchez v. Sanchez, 21 Fla. 346, 352; Palm Shores, Inc., v. Nobles, 149 Fla. 103, 5 So.2d 52, 53; Demetree v. State ex rel. Marsh, Fla. 1956, 89 So.2d 498, 501."
The court then quoted the first paragraph which we quote above from the Demetree *557 case, including the language that in a civil case the contemnor "carries the key of his prison in his own pocket." The District Court of Appeal then reversed in part the order appealed from for failure to include a provision "for release upon purging himself by payment of the defaulted amount * * *." In the case before us we think such a provision is equally required to make the petitioner's sentence a valid one.
In keeping with the Supreme Court's judgment in the Avery case, we order and adjudge that the petitioner in the instant proceeding be discharged without prejudice to the Circuit Court for Walton County to enter such other or further legal judgment as may be required and shall be in accordance with law.
It is so ordered.
STURGIS, C.J., and CARROLL, DONALD K., and RAWLS, JJ., concur.