PER CURIAM.
This cause involves a post-final decree order of commitment for contempt. This is the second appearance of this cause in this court. Upon a prior proceeding, reported in Hudson v. Tabas, Fla.App.1962, 136 So.2d 243, this court upheld a chancellor’s finding that the appellant and his wife had erected an encroachment upon property contiguous to the appellee’s and affirmed a mandatory injunction requiring its re *225 moval, but returned the cause to the chancellor to determine the amount of damages sustained. Following the mandate in the prior opinion, the chancellor received evidence and entered a final decree awarding a judgment in the sum of $500.00 for which sum he let execution issue and, by an amendment to said decree, reaffirmed his prior ruling mandatorily requiring the appellant and his wife to remove the encroachments. No appeal was prosecuted from this decree. Subsequent to a date set for the removal, a rule to show cause was filed indicating that the appellant and his wife had failed to comply with the mandatory injunc-tive features of the amended decree and, upon return to the rule, the appellant and his wife were adjudicated in contempt of court for failure to comply and the appellant, Daniel M. Tabas, was ordered committed to the County Jail for a period of 60 days for failure to comply with the injunc-tive features of the decree, as well as the failure to pay the money damages.
The instant proceedings were commenced, seeking a review of this order of commitment. An application for constitutional writ seeking to stay the effect of the order was filed [after denial by the chancellor of a supersedeas], pursuant to the provision of Rule 4.5, subd. g(l), Florida Appellate Rules, 31 F.S.A. Following argument on the application for constitutional writ, this court directed the filing of briefs expeditiously, pursuant to the provisions of Rule 4.5, subd. g(2), Florida Appellate Rules, and stayed the effect of the commitment order pending final determination of the cause.
This being a post-final decree order, the appropriate method for appellate review is pursuant to those provisions of the rule providing for interlocutory appeal. See: Rule 4.2, subd. a, Florida Appellate Rules. By the assignments of error, the appellant urges error in the entry of the mandatory injunction; the order providing for payment of damages for depreciation; and the order of commitment for failure to pay a money judgment and for failure to obey the mandatory injunction. The appellant, Daniel M. Tabas, also urges he has a right to contest the validity of the injunction at this posture of the case, upon the authority of Fields v. City of Fairfield, 273 Ala. 588, 143 So.2d 177; Fields v. City of Fairfield, 375 U.S. 248, 84 S.Ct. 360, 11 L. Ed.2d 311. We reject this contention on the grounds that the United States Supreme Court, in Fields v. City of Fairfield, supra, did not hold that the propriety of the original unappealed decree could be challenged by an appeal from a subsequent order of contempt but, rather, held there was no evidence to support the order of contempt. See: Fields v. City of Fairfield, supra, and cases cited therein. Thus, the appellant may not complain of the fact that he is held in contempt of court for failure to obey the amended final decree imposing the mandatory injunction, on the ground that said decree is unlawful because he failed to appeal that decree, which he msut obey. See: Howat v. State of Kansas, 258 U.S. 181, 42 S.Ct. 277, 66 L.Ed. 550; United States v. United Mine Workers of America, 330 U.S. 258, 67 S.Ct. 677, 91 L.Ed. 884.
The record on appeal contains substantial, competent evidence to support the trial court’s finding the appellant in contempt for failure to obey the provisions of the mandatory injunction. Thus, the order, in this respect, should be affirmed. See: Davis v. Levin, Fla.App. 1962, 138 So.2d 351; Lamb v. Dade County, Fla.App.1964, 159 So.2d 477; Seiff v. Presto Brick Machine Corp., Fla.App.1964, 168 So.2d 700. However, that portion of the order appealed [purporting to incarcerate the appellant, for failure to pay a money judgment] must be reversed as it constitutes imprisonment for debt, contrary to § 16, Declaration of Rights, Constitution of Florida, F.S.A.
Based on the foregoing, we affirm that portion of the order of contempt finding the appellant, Daniel M. Tabas, in contempt for *226 failure to obey the mandatory injunction.[1] We reverse that portion of the order of contempt purporting to incarcerate the appellant, Daniel M. Tabas, for failure to pay a money judgment.
Affirmed in part; reversed in part.

. The order of contempt gave the contem-nor the right to purge himself of the contempt. See and compare: Dykes v. Dykes, Fla.App.1958, 104 So.2d 598; Lord v. Lord, Fla.App.1958, 104 So.2d 624; State ex rel. Byrd v. Anderson, Fla. App.1964, 168 So.2d 554; Wallens v. Buchanan, Fla.App.1964, 168 So.2d 687.