308 So.2d 136 (1975)
STATE of Florida ex rel. Frank CLARK, III, Relator,
v.
Richard B. MULDREW, Brevard County Circuit Judge, Respondent.
No. 74-1696.
District Court of Appeal of Florida, Fourth District.
February 14, 1975.
Frank Clark III, in pro per.
Robert L. Shevin, Atty. Gen., Tallahasee, and Robert B. Breisblatt, Asst. Atty. Gen., West Palm Beach, for respondent.
OWEN, Chief Judge.
Relator seeks writ of prohibition to prohibit respondent from enforcing his order incarcerating relator for contempt.
Relator became $3,600 in arrears in alimony payments ordered in a final judgment of dissolution of marriage entered December 15, 1972. On July 26, 1974, this arrearage was reduced to a money judgment in favor of the former wife, pursuant to her motion. Thereafter, relator became in arrears an additional $1,200. The former wife filed her motion for an order of contempt and for a compensatory fine. Acting thereon, respondent entered an order on October 18, 1974 finding relator to be in arrears the additional sum of $1,200 (plus $12 costs) and ordering him to pay said amount, together with the amount of the money judgment of July 26, 1974, within 10 days, failing which relator was to be incarcerated for a period of 30 days. Upon relator's motion for rehearing the court entered its order on October 25, 1974 finding that relator had paid the arrearage of $1,200 (plus $12 costs) and stayed the effect of its order of October 18 until December 28, 1974 "when the sum of $3,600 will become due."
It is apparent that the net effect of the order of October 18, as stayed by order of October 25, was to hold relator in contempt of court for his failure to pay the July 26, 1974 money judgment of $3,600, and to sentence him to be incarcerated for a period of 30 days if he failed to pay said money judgment on or before December 28, 1974. It is the enforcement of these two orders which relator seeks to prohibit.
The writ should be granted. When relator's former wife elected, in July 1974, to reduce to a money judgment the $3,600 which was then the amount of the alimony in arrears, her remedies for enforcement of such judgment were limited to those available to the ordinary judgment creditor. In such case, contempt is not an appropriate or available remedy as it would *137 constitute imprisonment for debt, contrary to § 11, Declaration of Rights, Constitution of Florida 1968. See Tabas v. Hudson, Fla.App. 1965, 175 So.2d 224.
Respondent acted in excess of his jurisdiction in ordering relator incarcerated upon his failure to pay the money judgment to his former wife, Stephanie M. Clark. The orders of October 18, 1974 and October 25, 1974, entered by respondent in the case of Clark v. Clark, No. 55825, are declared void and respondent is prohibited from taking action to enforce them.
Prohibition granted.
MAGER and DOWNEY, JJ., concur.