338 So.2d 1122 (1976)
Charles Richard GROTNES, Appellant,
v.
Janet Wass GROTNES, Appellee.
No. 75-1482.
District Court of Appeal of Florida, Fourth District.
October 29, 1976.
*1124 Patrick L. Bailey of Sullivan, Cochran, Ranaghan, Bailey & Gleason, Pompano Beach, for appellant.
Larry Klein, and Alexander Myers, West Palm Beach, for appellee.
ALDERMAN, Judge.
Appellant, the defendant below, appeals from a judgment entered by the Circuit Court of Broward County.
Appellant and appellee were formerly married to each other. In 1967 they were divorced in the State of Georgia. An agreement between the parties, providing for alimony and child support was made a part of the Georgia divorce judgment. Appellant fell behind in his payments. In 1971 the Georgia court issued an order finding appellant to be in arrears and holding him in contempt. In 1973 the same Georgia court amended its 1971 order and entered a money judgment against appellant in favor of appellee in the amount of $21,875.00. In the meantime appellant had moved to Florida.
Appellee filed suit to establish the Georgia judgment as a Florida judgment. The complaint further requested such other relief as the court deemed proper. Subsequently an amendment to the complaint was filed seeking a judgment for damages for breach of the agreement between the parties and specific performance of said agreement. Appellee also filed a complaint under the Uniform Reciprocal Enforcement of Support Act seeking an order for support of the seventeen year old daughter of the parties. On appellant's motion, the two cases were consolidated.
Trial was held resulting in the following final judgment which is the subject of this appeal:
"ORDERED AND ADJUDGED as follows:
1. That the Defendant is hereby found to be in contempt of the Court's prior orders as submitted in evidence by the Plaintiff for the Defendant's failure to pay the sum of $21,875.00 as past due alimony and child support and the sum of $800.00 due for attorney's fees to the Plaintiff's attorney in the State of Georgia. It is hereby ordered and adjudged that the Sheriff of Broward County, Florida, will arrest the person of the Defendant, CHARLES RICHARD GROTNES, and place said Defendant in the Broward County, Florida, Jail House until that time that the Defendant shall pay into the Registry of the Court the sum of $21,875.00 which represents past due child support and alimony, and an additional $800.00 for attorney's fees which represents the sum owed to the Plaintiff's attorney in the State of Georgia pursuant to the attachment for contempt. It is the express order of this Court that the Defendant can purge himself by making the payment of the aforesaid sums to the Registry of the Circuit Court, in and for Broward County, Florida, within fifteen (15) days from the date of this judgment but that upon the expiration of said fifteen (15) days, and the Defendant's failure to pay as ordered, the Defendant's person shall be arrested pursuant to this judgment.
2. The Court expressly finds that the Defendant is also in arrears in child support and alimony which has lawfully accrued, and is past due and is owing to the Plaintiff in the amount of $28,000.00. This figure is over and above the amount in the above paragraph. The Court hereby finds the Defendant to be in arrears of said amount. The Court finds the Defendant to be in contempt and orders him confined to the Broward County, Florida, Jail for his failure to make said payments to the Plaintiff. That the Court hereby orders that the Defendant can purge himself *1125 of said contempt by the payment of said sum of money to the Registry of the Circuit Court, in and for Broward County, Florida, within thirty (30) days from the date of this Judgment. That upon failure of the Defendant to make such payment, it is hereby ordered that his person be arrested and placed in the Broward County, Florida, Jail until compliance with this Court's Judgment.
3. That the Plaintiff, pursuant to the laws of the State of Florida, in regard to action for child support and alimony, present and past due, is hereby entitled to reasonable attorney fees and court costs. Said attorney fees and court costs will be awarded upon appropriate motion filed by the Plaintiff with reasonable notice to the Defendant.
4. That the Defendant shall pay to the Plaintiff, by lawful money order, the sum of $35.00 per week as child support for the remaining daughter still under the age of twenty-one (21), pursuant to the terms of the Property Settlement Agreement which is in evidence and expressly incorporated into this Judgment by this Court. The payment shall be sent to the Plaintiff at: 7349 Cardigan Circle, Atlanta, Georgia 30328.
5. That this court expressly reserves jurisdiction of this matter and all other matters relating to the divorce and Property Settlement Agreement and those court proceedings in the State of Georgia which are now valid and lawful Judgments and Orders of the State of Florida.
6. That the Court finds that the Defendant has not complied with another Order of this Court, to-wit: that the Defendant has failed to make any attempt to reduce the previous arrearage in Case No. 73-15421 which was merged with the present case. The Defendant did pay $1,000.00 as ordered but still owes another $1,000.00 based on the Order dated December 20, 1974. The Court orders the Defendant to pay said sum within ten (10) days of this Judgment. Upon Defendant's failure to do so, this Court orders that the Defendant be arrested and confined to the Broward County, Florida, Jail House for contempt of court. However, the Defendant can purge himself of said contempt by the payment of said sum of money to the Registry of the Circuit Court, in and for Broward County, Florida, within ten (10) days from the date of this Judgment.
7. That, pursuant to the laws of the State of Florida, this Court additionally enters a Final Money Judgment in favor of the Plaintiff and against the Defendant in the amount of $50,675.00 for which let execution issue. This Final Money Judgment reflects the monies due and owing from the Defendant to the Plaintiff for past due and accrued child support, alimony and attorneys' fees but not including attorneys' fees and court costs for this present case."
Appellant does not dispute the entry of the final money judgment against him for $50,675. This sum represents $21,875.00 for past due alimony and child support and $800.00 attorney's fee, previously reduced to judgment by the Georgia court; plus an additional $28,000.00 which had accrued as of the date of the Florida judgment. The three issues raised by appellant are whether the trial court erred (1) in adjudging appellant to be in contempt; (2) in awarding attorney's fees to appellee; and (3) in granting appellee equitable remedies for enforcement of alimony and child support.
On the first issue we conclude that appellant's adjudications of contempt in paragraphs one and two of the Final Judgment must be reversed. In effect appellant was found by the Florida court to have been in contempt of the Georgia court. At the time appellant was found in contempt there was no order of the Florida court which he had violated. As a general rule, the power to punish for contempt rests with the court contemned, and one court cannot punish a contempt against another court. Graham v. State, 144 So.2d 97 (Fla. 2d DCA 1962). The trial court's adjudication of contempt in this case was premature. There being no order of the Florida court that appellant pay alimony and child support, he *1126 was not in contempt of the Florida court. In this instance it was the Georgia court which was contemned, and it is beyond the power of the Florida court to punish for this contempt. However, once the Georgia judgment has been duly established in Florida, and appellant ordered by the Florida court to comply, a failure to comply would then be a violation of the Florida court's order for which appellant could then be held in contempt.
A different factual situation is presented by the adjudication of contempt found in paragraph six of the final judgment. In the Uniform Reciprocal Enforcement of Support action, which had been merged with the present action, appellant had been ordered by the Florida court to pay $2,000.00. He paid $1,000.00 as ordered but still owed another $1,000.00. The trial court did not exceed its authority in ordering him to pay said sum within ten days, or be subject to arrest and confinement for contempt of court. However, the commitment order contained in paragraph six is defective in that it fails to specify a definite term of imprisonment. In the past similar orders sentencing an offender to imprisonment for an indefinite and indeterminate period, or until he pays past due alimony, or until further order of the court, have consistently been held void for indefiniteness and uncertainty. State v. Anderson, 168 So.2d 554 (Fla. 1st DCA 1964); Satterfield v. Satterfield, 39 So.2d 72 (Fla. 1949); Avery v. Sinclair, 153 Fla. 767, 15 So.2d 846 (1943). The commitment portion of paragraph six is reversed without prejudice to the Circuit Court of Broward County to enter such other or further sentence consistent with this opinion as may be required to enforce its order.
The next point involves the trial court's determination, in regard to the action for child support and alimony, present and past due, that appellee was entitled to reasonable attorney's fees and court costs. This court has previously recognized that under Section 61.16, Florida Statutes, a trial court may allow a divorced wife a reasonable amount for attorney's fees in an action to enforce a foreign divorce decree under which the former husband was in arrears in child support. Courtney v. Warner, 290 So.2d 101 (Fla. 4th DCA 1974). We find no error in the trial court's determination in this case that the former wife is entitled to reasonable attorney's fees and court costs.
The final question is whether the trial court may grant to appellee the equitable remedies customary for the enforcement of decrees for alimony and child support. Appellant contends that appellee's complaint was merely an attempt to collect on a foreign money judgment and that the equitable remedies for the enforcement of support and alimony are not available to her. We disagree. When the complaint and amendments thereto are read together they are sufficient to advise appellant of the nature of the action and invoke the equitable jurisdiction of the trial court.
A more fundamental issue is presented by the trial court's entry of a money judgment for past due alimony and support while at the same time invoking its contempt power to enforce payment of the arrearage. This court in State ex rel. Clark v. Muldrew, 308 So.2d 136 (Fla. 4th DCA 1975) held that where a former wife elected to reduce to money judgment alimony in arrears under her Florida divorce judgment, her remedies for enforcement of such judgment were limited to those available to ordinary judgment creditors and contempt was not an appropriate or available remedy for her in that it would constitute imprisonment for debt. The only difference in the present case is that appellee's money judgment for $50,675 was for alimony and support in arrears under a Georgia divorce judgment, rather than a Florida divorce judgment. On the other hand the courts of Florida have repeatedly and consistently held that a nonresident wife who seeks to enforce past due and unpaid installments of alimony and support which have been reduced to judgment in another state is entitled to the equitable processes of our courts *1127 in the enforcement thereof. Sackler v. Sackler, 47 So.2d 292 (Fla. 1950); Haas v. Haas, 59 So.2d 640 (Fla. 1952); Lanigan v. Lanigan, 78 So.2d 92 (Fla. 1955); Miller v. Miller, 105 So.2d 386 (Fla. 1st DCA 1958); West v. West, 301 So.2d 823 (Fla. 2nd DCA 1974). The principle upon which these cases rest was first announced by the Florida Supreme Court in the earlier case of McDuffie v. McDuffie, 155 Fla. 62, 19 So.2d 511 (1944). In McDuffie the court quoted with approval the following language from Fanchier v. Gammill, 148 Miss. 723, 114 So. 813 (1927):
"... a judgment for alimony rests largely on public policy in that the husband should be required to support his wife and children, that they not become derelicts and a charge on the public, that a judgment in equity is more efficacious than a judgment at law in that it may be enforced by attachment or contempt, that a court of equity has sole jurisdiction in matters of divorce and alimony and that to hold that a foreign judgment for alimony can be enforced only by execution at law would amount to depriving it of its inherent power of enforcement by attachment and contempt."
These cases raise doubts as to the validity of our holding in Clark v. Muldrew, supra. An anomalous situation is created in that under the rationale of Sackler v. Sackler, supra, a nonresident wife may reduce her claim for past due alimony to a money judgment and also be entitled to the equitable processes of our court in the enforcement thereof. On the other hand a resident Florida wife, under our holding in Clark v. Muldrew, supra, is limited to those remedies available to the ordinary judgment creditor.
In the present case the nonresident wife had a money judgment from the Georgia court in the amount of $22,675.00. This amount, plus an additional $28,000.00 which had accrued, was entered as a money judgment by the Florida court against appellant. If appellee's divorce judgment had been entered by the Florida court, under our holding in Clark v. Muldrew, supra, contempt would not be an appropriate or available remedy to enforce payment of the money judgment. A contrary result for the nonresident wife is dictated by the holdings of the Supreme Court and other District Courts cited above.
In Clark v. Muldrew, supra, we held that contempt was not an appropriate or available remedy as it would constitute imprisonment for debt. We still believe this to be true in the normal debtor-creditor situation. However after full consideration we believe that a special situation exists in reference to money owed for alimony and support. There are considerations of public policy which place the enforcement of alimony and support payments in a special category. As stated by the Supreme Court in Sackler:
"The mere transformation of an obligation to support into more specific form, such as a decree to pay, does not make it an ordinary debt but a continuing obligation." (47 So.2d 294)
It also appears that the Third District in Ginsberg v. Ginsberg, 123 So.2d 57 (Fla. 3d DCA 1960) has recognized the authority of the trial court to enter a money judgment and also adjudicate a delinquent husband guilty of contempt for failure to pay the sums adjudged in arrears. We therefore recede from our opinion in Clark v. Muldrew, supra. If foreign money judgment for past due alimony and support may be enforced by those equitable remedies customary in the enforcement of our local decrees for alimony and support money, there is no logical or legal reason why a domestic money judgment for past due alimony and support money may not also be enforced in a like manner.
In the present case we hold that upon remand the trial court, upon notice and after hearing, may grant to appellee such equitable remedies as are warranted by the evidence, to enforce payment of the $50,675.00 money judgment entered by the trial court for past due alimony and support, as well as those payments which may have accrued subsequent to the entry of the money judgment.
*1128 REVERSED, in part, and AFFIRMED, in part, and REMANDED for further proceedings consistent with this opinion.
DOWNEY, J., and DANAHY, PAUL W., Jr., Associate Judge, concur.