PER CURIAM.
The appellant challenges a contempt order entered against him by the trial court. The order, in addition to holding the appellant in contempt and striking his pleadings seeking affirmative relief, awarded attorney’s fees and costs, and ordered the payment of certain coercive fines. The last paragraph of the order provided that the appellant would be arrested and incarcerated upon failure to purge himself of contempt by paying the fines, attorney’s fees and costs within the time periods set forth in the order.
We agree with the appellant’s contention that the portion of the order awarding attorney’s fees and costs should not be construed as a compensatory or coercive fine for contempt. The appellant cannot be incarcerated for failure to pay such an award. Fla. Const, art. I, § 11. See Tabas v. Hudson, 175 So.2d 224 (Fla. 3d DCA), appeal dismissed, 183 So.2d 209 (Fla.1965), cert. denied, 383 U.S. 969, 86 S.Ct. 1273, 16 L.Ed.2d 308 (1966). We, therefore, reverse that portion of the trial court’s order which provides for incarceration of the appellant upon his failure to timely pay attorney’s fees and costs to the appellee and remand with instructions to modify the enforcement provision. We find no merit in the appellant’s remaining contentions and, accordingly, affirm the trial court in all other respects.
Affirmed in part, reversed in part, and remanded with instructions.
RYDER, A.C.J., and DANAHY and SCHOONOVER, JJ., concur.