CAMPBELL, Chief Judge.
This appeal brings to us for review a post-final judgment order in a dissolution of marriage proceeding. We find no error in the denial of appellant’s petition to modify child support and alimony payments. Appellant also argues that the trial judge erred in finding him in contempt of court. Inasmuch as the order appealed from is not a valid and effectual order of contempt, we strike any reference to contempt as may be contained in or implied from the order.
The evidentiary proceedings below were heard before a hearing officer appointed for that purpose. The hearing officer’s findings and recommendations are contained in a printed form apparently in general use in the Twelfth Judicial Circuit. The form contains a space which is checked beside a printed statement containing a finding that states: “The Respondent/Defendant is in willful contempt of the Court’s order for the following reason:...."
The hearing officer’s printed form also states: “Based upon the foregoing findings the Hearing Officer recommends that the Court enter an order providing the following: ....” There follows no recommenda *803 tion in regard to the hearing officer’s finding of contempt. The trial judge’s subsequent “Order On Motion For Contempt,” which is the subject of this appeal, also makes no specific reference to the hearing officer’s finding of appellant being in contempt nor does it make any provision in the order that purports to hold appellant in contempt. The order begins with the statement that the findings and recommendations of the hearing officer are “approved, ratified & incorporated herein.” Such an order based merely upon findings of a hearing officer do not equate to an order of contempt. An order of contempt must be full and complete and definite and certain. Ex parte Koons, 148 Fla. 625, 4 So.2d 852 (1941).
The order of the trial court is otherwise affirmed.
SCHEB and DANAHY, JJ., concur.