LOGUE, J.
In these consolidated appeals, Azzan Bin Abdullah Al Ghurair, a resident of Dubai in the United Arab Emirates, seeks review of (1) pre- and post- judgment orders finding him in contempt of court for failing to honor a settlement agreement with his discharged lawyers, and (2) post-judgment writs of bodily attachment requiring him to appear in person and explain why.
In the underlying lawsuit, Appellant, Al Ghurair, hired Appellees, three law firms,[1] to collect money owed him. When Al Ghurair discharged the law firms, they filed a charging lien. The lawsuit was subsequently settled when the defendant agreed to transfer to Al Ghurair various properties in Brazil. Al Ghurair and the law firms then settled the dispute over the charging lien. Although the settlement had two non-monetary components intended to secure payment (funding an escrow account and granting the lawyers mortgages on the properties in Brazil), the main provision was that Al Ghurair pay the law firms a legal fee in the amount of $1,925,000.
When Al Ghurair failed to comply with the terms of the agreement, the law firms began filing motions to compel compliance. On October 4, 2016, the trial court granted the law firms' motion to enforce the settlement agreement. Among other things, the order directed Al Ghurair to "Pay the LAW FIRMS $1,925,000.00 U.S. Dollars by December 31, 2016" and reserved jurisdiction to issue orders for Al Ghurair to show cause why he should not be held in contempt for failure to comply. It later ordered Al Ghurair to personally appear in *487 court and explain why he had not complied. The trial court declined to allow Al Ghurair to appear by telephone. Al Ghurair failed to honor these orders.
Ultimately, on May 19, 2017, the trial court entered an amended final judgment, nunc pro tunc to January 1, 2017, for the law firms and against Al Ghurair for $1,925,000 plus interest. The final judgment did not require Al Ghurair to specifically perform the non-monetary components of the settlement agreement. It did, however, reserve jurisdiction to enter further contempt orders against Al Ghurair. On June 13, 2017, based on its prior order to show cause, the trial court entered a contempt order against Al Ghurair and issued a writ of bodily attachment. A second writ of bodily attachment was issued on August 1, 2017.
All of the trial court's challenged actions trace back to the orders directing Al Ghurair to comply with the settlement agreement whose central provision was the payment of the $1,925,000. At oral argument, the attorney for the law firms conceded the gravamen of their complaint was Al Ghurair's failure to pay them: "we are not trying to be coy here." In substance, therefore, the actual legal effects of the contempt orders and writs of bodily attachment were to use the court's contempt powers to pressure Al Ghurair to pay the $1,925,500 legal fee which had been reduced to a money judgment. This use of the contempt power constitutes reversible error.
"The enforcement through contempt of debts not involving support violates Article I, section 11 of the Florida Constitution, the provision prohibiting imprisonment for debt." Randall v. Randall, 948 So.2d 71, 74 (Fla. 3d DCA 2007) (quoting Whelan v. Whelan, 736 So.2d 732, 733-34 (Fla. 4th DCA 1999) ); accord Grotnes v. Grotnes, 338 So.2d 1122, 1127 (Fla. 4th DCA 1976) ("[W]e held that contempt was not an appropriate or available remedy as it would constitute imprisonment for debt. We still believe this to be true in the normal debtor-creditor situation."); Tabas v. Hudson, 175 So.2d 224, 225 (Fla. 3d DCA 1965) (holding "portion of the order appealed [purporting to incarcerate the appellant for failure to pay a money judgment] must be reversed as it constitutes imprisonment for debt, contrary § 16, Declaration of Rights, Constitution of Florida, F.S.A.").
Accordingly, the provisions of the final judgment that reserved jurisdiction to hold Al Ghurair in contempt are reversed; the pre-judgment orders of contempt are deemed merged with the final judgment; and the post-judgment orders of contempt and writs of bodily attachment are quashed. The other issues on appeal are affirmed.

Appellees are Weil Quaranta, P.A. (now known as Weil Snyder Schweikert & Ravindran, P.A.), Hillary K. Rodriguez, P.A., and Moraes Pitombo Advogados.